904 F.2d 700
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley MCCAULEY, Plaintiff-Appellant,
v.
CITY OF JACKSONVILLE, NORTH CAROLINA; R.L. Davis, in his
individual capacity, and in his official capacity as Chief
City Inspector of the City of Jacksonville; Patrick A.
Thomas, in his individual capacity, and in his official
capacity as City Manager of the City of Jacksonville; James
E. Caldwell, in his individual capacity and in his official
capacity as Interim City Manager and City Manager of the
City of Jacksonville; Horace Mann, in his individual
capacity, and in his official capacity as City Planner of
the City of Jacksonville; A.F. McRorie, in his individual
capacity, and in his official capacity as Public Utilities
Director of the City of Jacksonville; A.D. Guy, Jr., in his
official capacity as Mayor of the City of Jacksonville;
Jacksonville City Council, their successors and agents,
Defendants-Appellees.
 No. 89-1766.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 7, 1990.
Decided: May 22, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CA-85-153-4-CIV).
 Joseph Michael McGuiness, Swartz & Swartz, Boston, Mass., argued for appellant; Charles S. Lanier, Gordon E. Robinson, Jr., Lanier & Fountain, Jacksonville, N.C., on brief.
 Rudolph Alexander Ashton, III, Sumrell, Sugg, Carmichael & Ashton, New Bern, N.C.; Dale E. Nimmo, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for appellees; Anthony H. Brett, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stanley McCauley appeals from an order of the district court granting summary judgment in favor of the City of Jacksonville, North Carolina, and various city officials. For the reasons set forth below, we affirm.
 
 
 2
 * McCauley is a real estate developer in Jacksonville. On April 15, 1985, the city issued him a building permit to construct a 37-unit apartment complex on his property in the Mill Creek Basin in Jacksonville. Thereafter, the chief city inspector issued a stop order for work under the building permit. The city manager subsequently denied McCauley's request for sewer connections, and the city council adopted a policy limiting sewer connections in the Mill Creek Basin to single-family residential lots and redefined the current zoning classification to exclude multi-family units. As a result of these actions, McCauley was prevented from proceeding with his construction project.
 
 
 3
 As a result, he filed this suit against the city seeking damages and declaratory and injunctive relief. His complaint alleged that the planned apartment complex would have been racially integrated, alleviating in part the racial segregation of housing in the city. He alleged that the actions of city officials in imposing the stop order, denying the sewer connections and rezoning had the purpose and effect of denying housing opportunities on the basis of race. He also alleged that the city's actions were arbitrary and capricious. He claimed that these actions violated the Fifth and Fourteenth Amendments, the Fair Housing Act, 42 U.S.C. Secs. 3604, 3608, and 3617, and the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Secs. 1981, 1982, and 1983. He also asserted state pendent claims for breach of contract, interference with contractual relations, and negligence.
 
 
 4
 The district court granted the city's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. This Court reversed and remanded the case, holding that McCauley's allegations were sufficient to state a claim of intentional discrimination under the Fourteenth Amendment and the Civil Rights Act and a cause of action for denial of equal protection and due process. McCauley v. City of Jacksonville, No. 86-1674 (4th Cir. Sept. 8, 1987). Subsequently, the district court granted the defendants' motion for summary judgment. It is from this order that McCauley appeals.
 
 II
 
 5
 On appeal, McCauley contends that summary judgment was improper because the concerted actions of city officials contravened his rights to substantive and procedural due process as well as equal protection. He argues that in granting summary judgment, the district court improperly found disputed issues of fact against him.
 
 
 6
 Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Id.
 
 
 7
 The facts underlying this action are set out in our previous opinion and we will not repeat them here. Suffice it to say that during the discovery process that took place following remand by this Court, unrefuted evidence was adduced which showed that a very serious sewage problem existed in the City of Jacksonville, and it was in response to the sewage problem that the city council adopted the policy limiting sewer connections in the Mill Creek Basin to single-family residential lots and issued the stop order that prevented McCauley from constructing his apartment complex.
 
 
 8
 When this case was first before us, McCauley's primary allegation was one of racial discrimination. He has now changed the focus of the case somewhat and argues primarily that the city's actions were based on personal animosity toward him. Neither allegation is supported by the record, which demonstrates that the city had a legitimate non-discriminatory reason for imposing the limits on sewers in the Mill Creek Basin, i.e., the sewage problem. In view of the substantial evidence of the sewage problem, the city's actions were not arbitrary. Without a showing of arbitrariness, McCauley has no substantive due process claim. Nor was there any evidence that McCauley's procedural due process rights were violated or that he was denied equal protection. This is simply a case of a city council acting within its designated powers in deciding how the city should be developed. Because there was limited capacity for sewer service in the Mill Creek Basin, the city had a legitimate interest in allocating the limited remaining sewer capacity by rationing service and preventing multi-family development. It was certainly within the province of the council to do so.
 
 
 9
 For the reasons set forth above and those expressed in the opinion of the district court, we hold that the city was entitled to summary judgment and that the district court correctly assessed the merits of this case in so granting. We therefore affirm the grant of summary judgment in favor of the city. McCauley v. City of Jacksonville, C/A No. 85-153-CIV-4 (June 2, 1989).
 
 
 10
 AFFIRMED.